IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

MARSHALL TRISTAN SHAW,        )
                              )
                Petitioner,   )
                              )
       v.                     )    1:18CV252
                              )
UNITED STATES OF AMERICA,     )
                              )
                Respondent.   )

### ORDER AND RECOMMENDATION

Petitioner, a federal prisoner, submitted what the Court treated as an application for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241. Petitioner seeks to have the remainder of his federal sentence run concurrently with a future state sentence for second degree murder. This filing challenges the execution of Petitioner's sentence and, as he notes at one point, primary responsibility for the execution of his sentence now lies with a Regional Director with the United States Bureau of Prisons, not the Court. Where a petitioner attacks the execution and not the imposition of a sentence, his petition invokes § 2241. See, e.g., Youngworth v. United States Parole Commission, 728 F. Supp. 384, 388 (W.D.N.C. 1990). In a § 2241 action challenging the execution of the sentence of a petitioner in physical custody within the United States, the petition should be filed in the district court of the district where the petitioner is in custody. See Kanai v. McHugh, 638 F.3d 251, 255 (4th Cir. 2011) (citing Rumsfeld v. Padilla, 542 U.S. 426, 446-47 (2004)). It appears that Petitioner is incarcerated in the Middle District of Pennsylvania.

Accordingly, to the extent that Petitioner seeks to challenge a decision by the Bureau of Prisons, he should seek the proper forms from the Clerk of that district and file any § 2241 petition there. The address for the Clerk is: PO Box 1148, 235 N. Washington Avenue, Scranton, PA 18501-1148.

Petitioner also cites a prison regulation stating that courts may sometimes order concurrent service of federal and state sentences after imposition of the sentence where the court was mistaken regarding whether the inmate was in federal or state custody. He asks that the Court now enter an order imposing concurrent sentences. However, Petitioner produces nothing to indicate any mistake regarding custody at the time of his sentence. As is shown by the record in his criminal case [1:15CR237-1], this Court clearly issued multiple writs to temporarily remove him from state custody for his hearings in this Court. Further, his Presentence Report (1:15CR237-1, Docket Entry 22) clearly noted pending state charges. It is obvious that the Court and everyone involved in Petitioner's criminal case was aware of his custody status. Finally, Petitioner's state conviction was for an entirely separate criminal episode from the conduct for which he was convicted in this Court. (Id., ¶¶ 3-7.) Such a situation does not ordinarily warrant concurrent sentences. For all of these reasons, Petitioner's request for an order from this Court making his federal sentence concurrent with his state sentence should be denied.

*In forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation of dismissal with permission to file a new petition in the proper district.

IT IS THEREFORE ORDERED that *in forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation.

2

IT IS THEREFORE RECOMMENDED that Petitioner's request for an order from this Court making his federal sentence concurrent with his state sentence be denied and that this action be dismissed *sua sponte* without prejudice to Petitioner filing a petition under § 2241 in the proper district if he seeks to contest a decision of prison officials regarding the execution of his sentence.

This, the 29th day of March, 2018.

_____
Joe L. Webster
United States Magistrate Judge